UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLES K. TOWNSEND, SR.,

            Plaintiff,

        v.

LIVINGSTON COUNTY, et al.,

            Defendants.
_____

Case # 19-CV-6636-FPG

DECISION AND ORDER

## INTRODUCTION

*Pro se* Plaintiff Charles K. Townsend ("Townsend" or "Plaintiff") brings this civil rights action against Defendants Livingston County, the Livingston County Sheriff's Office, the Livingston County District Attorney's Office, District Attorney McCaffrey ("McCaffrey"), Sergeant Zambito ("Zambito"), Deputy Brendon Flickner ("Flickner"), Deputy Wade ("Wade"), and Investigator Wiedrick ("Wiedrick").  ECF No. 1.  After a screening pursuant to 28 U.S.C. § 1915(e) (ECF No. 3), an amended complaint (ECF No. 4), and an additional screening (ECF No. 5), only McCaffrey, Zambito, Flickner, Wade, and Wiedrick remain (collectively, "Defendants"). *See* ECF No. 5 at 5.  Plaintiff's remaining claims include (1) unlawful seizure of Townsend against Flickner ( "First Claim"); (2) a 42 U.S.C. § 1981 claim against Flickner ("Second Claim"); (3) unlawful search and seizure of Townsend's vehicle against Defendants ("Third Claim"); (4) false arrest and imprisonment against Defendants ("Fourth Claim"); (5) malicious prosecution against Defendants ("Fifth Claim"); (6) the denial of Townsend's right to a fair trial against Defendants ("Sixth Claim"); and (7) failure to intervene in the underlying misconduct against Wade, McCaffrey, Zambito, and Wiedrick ("Seventh Claim").  ECF No. 5 at 5.

1

Before the Court are Townsend's motion for summary judgment and Defendants' motion for summary judgment. ECF Nos. 85, 104. For the reasons set forth below, Defendants' motion is GRANTED IN PART and DENIED IN PART, and Townsend's motion is DENIED.

## BACKGROUND[1]

Townsend's claims arise from a traffic stop conducted on August 30, 2016 (the "Traffic Stop"). Flickner, a Livingston County Deputy Sheriff in Avon, New York, ECF No. 111 at 31, 35, allegedly observed Townsend commit multiple New York Vehicle and Traffic Law violations, including crossing a hazard marking and failing to keep right. ECF No. 104-16 ¶ 6. Townsend denies that he violated any traffic laws and alleges that Flickner initiated the Traffic Stop because of his race. *See* ECF No. 111 at 35; *see also* ECF No. 4 at 3.

After Flickner stopped Townsend, Flickner discovered Townsend did not have a valid driver's license and allegedly smelled marijuana in the vehicle. ECF No. 104-16 ¶¶ 7, 8; ECF No. 111 at 35. Shortly after being stopped, Townsend requested the presence of Flickner's supervisor at the Traffic Stop. ECF No. 111 at 35. When Flickner's supervisor, Zambito, arrived, he also allegedly smelled marijuana in Townsend's vehicle. ECF No. 111 at 36. At Flickner and Zambito's request, a drug detecting canine was brought to the scene by Deputy Wade. *Id.* Defendants claim that the canine "alerted" on the passenger side door and glove box of Townsend's vehicle, indicating that it detected marijuana in that area. ECF No. 104-16 ¶ 15.

---

[1] The following facts are taken from Defendants' statement of facts (ECF No. 104-16), Townsend's purported statement of facts (ECF No. 111), and each statements' supporting material. Townsend's statement of facts fails to comply with Local Rule 56, because he did not submit a statement of facts with his initial motion papers. *See* ECF No. 85. While Townsend later submitted a document purported to be his statement of facts (*see* ECF No. 111), it appears to be a response to Defendants' properly submitted factual assertions. *See generally*, *id*. at 31-44 (document titled "Movants statement of Facts [sic]" but including a combination of original factual assertions and responses to Defendants' factual assertions). Due to Townsend's *pro se* status, the Court has exercised its discretion to review all of Townsend's filings (ECF No. 85 and ECF No. 111 at 1-16) in order to fully consider the substance of his arguments. *See Wali v. One Source Co.*, 678 F. Supp. 2d 170, 178 (S.D.N.Y. 2009) ("[W]here a *pro se* plaintiff fails to submit a proper Rule 56.1 statement in opposition to a summary judgment motion, the Court retains some discretion to consider the substance of the plaintiff's arguments, where actually supported by evidentiary submissions.").

Defendants performed an initial search of the vehicle, but not the glove box because it was locked. ECF No. 104-16 at 4-5. Townsend claims that the canine's "alert" was faked. ECF No. 111 at 37. Next, Flickner, Zambito, and Wade contacted District Attorney McCaffrey to discuss the Traffic Stop. *Id*. at 38. McCaffrey stated that the vehicle could be towed and impounded while a search warrant was prepared to authorize a search of the locked glove box for drugs, based on the officers' and canine's scent of marijuana. *Id*. Townsend was issued traffic tickets for his alleged traffic law infractions, and his vehicle was impounded. *Id*. at 39.

On August 31, 2016, Wiedrick, investigator with the Livingston County Sheriff's Office, met with Flickner and applied for a search warrant to search Townsend's glove box. *Id*. After it was issued, Flickner, Wiedrick, Wade, and Livingston County Sheriff Sergeant Draper executed the search warrant. ECF No. 111 at 40. Before Townsend's glove box was opened, Defendants claim that two drug detecting dogs again "alerted" on Townsend's glove box. ECF No. 104-16 ¶ 23. Defendants also claim that, after opening the glove box, the officers found a partially smoked marijuana "blunt," a vial of marijuana, cocaine, and other drug paraphernalia. *Id*. ¶ 24. Townsend claims that this material was planted by Defendants. ECF No. 111 at 39-41. Townsend was arrested for possessing this material on September 17, 2016. *Id*. at 41.

On January 17, 2017, a probable cause hearing was held in Avon Town Court. *Id*. at 41-42. The court did not issue a final ruling on whether there was probable cause for Defendants' actions, instead indicating that it was inclined to find that there was and granting a continuance to issue a final determination at a later date. *Id*. at 41-42. The case appears to have proceeded to trial without a final determination. *Id*. at 42. At the beginning of Townsend's trial, Townsend requested an adjournment to obtain counsel, despite previously requesting to proceed *pro se.* *Id*. at 43.

Before the trial resumed, Townsend moved to dismiss the case. *Id*. The district attorney's office did not oppose the motion and the case was ultimately dismissed. *Id*.

On December 1, 2016, Townsend filed a separate action in this Court against Livingston County, Flickner, McCaffrey, a John Doe sergeant with the Livingston County Sheriffs, and the Livingston County Administrator. *See Townsend v. Livingston County, et al*., Case No. 16-CV-6773 (the "2017 Lawsuit"). On July 11, 2017, this Court screened Townsend's complaint pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 104-3. There, this Court held that Townsend's § 1983 claim based on the seizure of his vehicle at the Traffic Stop was to be dismissed with prejudice. *Id*. at 5. The Court's decision was based on the presence of a meaningful post-deprivation remedy for Townsend's claim under § 9 of the New York Court of Claims Act or § 52 of the New York County Law. *Id*. at 4 (citing *Love v. Coughlin*, 714 F.2d 207, 208-09 (2d Cir. 1983)).

On August 28, 2019, Townsend filed the present action against Defendants in their individual capacities, along with Livingston County, the Livingston County Sheriff's Office, and the Livingston County District Attorney's Office. *See* ECF No. 1. After a screening of Townsend's amended complaint, only claims against McCaffrey, Zambito, Flickner, Wade, and Wiedrick remain. *See* ECF No. 4; *see also* ECF No. 5 at 5.

On April 5, 2022, Townsend moved for summary judgment against Defendants. ECF No. 85. On May 12, 2022, Defendants responded and cross-moved for summary judgment on all remaining claims. ECF No. 104. On June 8, 2022, Townsend filed his opposition to Defendants' motion and reply in further support of his motion. ECF No. 111. On June 23, 2022, Defendants replied. ECF No. 113. The Court addresses the parties' motions below.

## LEGAL STANDARD

Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). However, the non-moving party "may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotation omitted).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotations omitted). This does not mean, however, that a *pro se* litigant is excused from following the procedural requirements of summary judgment. "[A] pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir.1991)).

## DISCUSSION

For the reasons set forth below, Townsend adequately sets forth a portion of the First Claim, but fails to do so with respect to his remaining claims. The portion of Townsend's Third Claim concerning the seizure of his vehicle is barred by the doctrine of res judicata because it was litigated and dismissed with prejudice by this Court in the 2017 Lawsuit. Townsend's First Claim

is adequately stated only with respect to the initiation of the Traffic Stop. The remainder of his First Claim, the portion of the Third Claim relating to the search of his vehicle, the Fourth Claim, and the Fifth Claim are barred by the existence of probable cause for Defendants' conduct. In addition, Townsend's Second, Sixth, and Seventh Claims must be dismissed because Townsend does not present sufficient evidence to establish those claims. Accordingly, Defendants' motion for summary judgment is GRANTED IN PART and DENIED IN PART, and Townsend's opposing motion for summary judgment is DENIED.

## I. Townsend's Third Claim: Seizure of Vehicle

Townsend alleges in his Third Claim that Defendants executed an unreasonable seizure of his vehicle during the Traffic Stop. *See* ECF No. 5 at 5. Because this claim was dismissed in the 2017 Lawsuit, it is accordingly barred by the doctrine of res judicata.

The doctrine of res judicata provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (applying res judicata to § 1983 action). Res judicata thus bars a party from re-litigating a claim if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. New York City Dep't of Corrs.*, 214 F.3d 275, 285 (2d Cir. 2000).

On July 11, 2017, this Court screened Townsend's previous complaint in the 2017 Lawsuit pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 104-3. There, this Court held that Townsend's § 1983 claim based on the seizure of his vehicle during the Traffic Stop was to be dismissed with prejudice. *Id*. at 5. Because a meaningful post-deprivation remedy for Townsend's claim under § 9 of the New York Court of Claims Act or § 52 of the New York County Law, Townsend's claim

was not cognizable under § 1983. *Id*. at 4 (citing *Love*, 714 F.2d at 208-09). Accordingly, this claim was resolved on the merits.

In addition, the 2017 Lawsuit involved the same parties or those in privity with the parties in the present action, because Townsend was the plaintiff and Flickner and McCaffrey were defendants. *See generally id.* While Zambito, Wade, and Wiedrick were not expressly named in the 2017 Lawsuit, each Defendant is an officer in the Livingston County Sherriff's Office and each was allegedly involved in the Traffic Stop and subsequent arrest, and thus "in privity" with Flickner. *See Oliver v. Penny*, No. 21-111, 2022 WL 2165814, at *2 (2d Cir. June 16, 2022) ("Although [plaintiff] sued different individual defendants in her 2017 lawsuit, those defendants represent the same interests as the individuals named in [her 2015 lawsuit] . . . . Two of the defendants overlap between the two lawsuits . . . . Employee defendants have a sufficiently close relationship with other employees when their challenged actions in both lawsuits consist of acts in their official capacities on behalf of their employer.") (citations omitted). Here, the 2017 Lawsuit involved two overlapping defendants, they represented the same interests as Zambito, Wade, and Wiedrick, and were working on behalf of the same employer. Accordingly, the Court finds Zambito, Wade, and Wiedrick were in privity with Flickner and McCaffrey in the 2017 Lawsuit.

Lastly, the Third Claim was raised in the previous action, as both actions are based on alleged Fourteenth Amendment violations stemming from the purportedly improper seizure of Townsend's vehicle during the Traffic Stop. *Compare* ECF No. 5 at 5 *with* ECF No. 104-3 at 4-5. [2] Accordingly, this aspect of the Third Claim meets the requirements for res judicata and is barred by this Court's previous ruling in the 2017 Lawsuit.

---

[2] To the extent the 2017 Lawsuit failed to allege a claim for the improper *search* of Townsend's vehicle, and simply addressed a claim for the improper *seizure* of the vehicle, this aspect of Townsend's Third Claim is barred by the existence of probable cause as discussed *infra* Section II below.

7

While Defendants argue that *all* of Townsend's claims could have been raised in the 2017 Lawsuit, and are likewise precluded by res judicata, the Court disagrees. Townsend's Third Claim is the only claim based upon the seizure of Townsend's vehicle. *See* ECF No. 5 at 5. Because this Court initially dismissed Townsend's 2017 Lawsuit on the basis that Townsend possessed a post-deprivation remedy for the recovery of his vehicle (*see* ECF No. 104-3 at 4), Townsend's additional claims were not adequately addressed by the Court at that time. Accordingly, the portion of the Third Claim challenging the seizure of Townsend's vehicle is barred by the doctrine of res judicata.

## II.     Townsend's First, Third, Fourth, and Fifth Claims

Townsend appears to allege an unlawful seizure of his person in his First Claim; an unlawful search of his vehicle in his Third Claim; false arrest and imprisonment in his Fourth Claim; and malicious prosecution in his Fifth Claim. For the reasons set forth below, only the First Claim may proceed. There is a factual dispute as to whether Flickner had reasonable suspicion to initiate the Traffic Stop of Townsend, which precludes summary judgment for either party with respect to this aspect of Townsend's First Claim. Probable cause, however, justified Defendants' subsequent actions such that Townsend's Third, Fourth, and Fifth Claims must be dismissed. Accordingly, the parties' motions for summary judgment are denied with respect to Townsend's First Claim to the extent it is based on the initiation of the Traffic Stop, but Defendants' motion for summary judgment is granted with respect to Townsend's Fourth and Fifth claim, as well as the portion of his Third Claim that appears to challenge the search of his vehicle during the Traffic Stop.

The existence of probable cause is a complete defense to § 1983 unlawful seizure claims. *Cozayatl Sampedro v. Schriro*, 377 F. Supp. 3d 133, 139 (D. Conn. 2019) ("It is well established

8

that the existence of probable cause is a complete defense to a claim of unlawful seizure under § 1983."). Stopping a vehicle is a seizure within the meaning of the Fourth Amendment. *Brace v. Johnson*, No. 22-590, 2023 WL 2027274, at *1 (2d Cir. Feb. 16, 2023). However, a traffic stop merely requires reasonable suspicion to initiate the stop. *Id*. ("A police officer's decision to stop a vehicle is reasonable when the officer has probable cause or reasonable suspicion to believe that the vehicle's occupants are engaged in unlawful conduct.") (citing *United States v. Gomez*, 877 F.3d 76, 86 (2d Cir. 2017)).

Townsend's First Claim is a § 1983 unreasonable seizure claim against Flickner. ECF No. 5 at 5. This claim is based on Flickner's alleged initiation of the Traffic Stop, followed by the seizure of Townsend and his vehicle. ECF No. 111 at 19. Here, there is a genuine dispute of material fact as to whether Flickner had a reasonable suspicion that Townsend committed any traffic violation justifying the Traffic Stop. Defendants claim that Flickner "observed Townsend commit multiple New York State Vehicle and Traffic Law Violations on Lakeville Road in the Town of Avon, including crossing a hazard marking, failing to keep right, and unlicensed operation of a motor vehicle." ECF No. 104-16 ¶ 6. Defendants support this claim with Flickner's personal account of Townsend's actions and a drawing that shows the "approximate" turn Townsend made. ECF No. 104-29. ¶¶ 6, 7. Defendants admit that Flickner's dashboard camera footage is inconclusive, but affirm that he personally witnessed the improper turn. *Id*. ¶¶ 10, 11. Defendants also admit that Flickner did not discover Townsend's lack of a driver's license until after he had pulled him over. *Id*. ¶ 11 n.1. In opposition, Townsend claims he executed the turn properly. ECF No. 111 at 19. Because there is no evidence indicating either Flickner or Townsend's account cannot be reasonably disputed, it is improper for the Court to weigh these conflicting accounts on summary judgment. *Bellamy v. City of New York*, 914 F.3d 727, 746 (2d Cir. 2019) ("[A] § 1983

plaintiff's testimony alone may be independently sufficient to raise a genuine issue of material fact" so long as it is not "contradictory and incomplete" or "replete with inconsistencies and improbabilities."). Accordingly, Townsend's claim that Flickner executed an improper seizure by initiating the Traffic Stop may proceed.

To the extent Townsend's First Claim alleges an improper seizure of his person after the Traffic Stop, there is no dispute that Flickner's subsequent seizure of Townsend was reasonable. Townsend does not dispute that he did not have a driver's license at the time of the Traffic Stop. ECF No. 111 at 35. As stated above, Flickner claims he was made aware of this violation almost immediately after stopping Townsend. ECF No. 104-29 ¶ 11 n.1. Accordingly, the "seizure" of Townsend's person via the extension of the Traffic Stop was reasonable because Flickner almost immediately attained reasonable suspicion of a traffic violation; namely, operating a motor vehicle without a license. *See* N.Y. Vehicle & Traffic Law § 511 (prohibiting operating a car without a valid license); *United States v. Lyle*, 919 F.3d 716, 729 (2d Cir. 2019).

In addition, even if a claim for an improper seizure of Townsend's vehicle were not barred by res judicata as explained *supra* Section I, the seizure of Townsend's vehicle was reasonable once Flickner learned Townsend was not licensed to drive it. *See Ali ex rel. Cofield v. Liggett*, 1:22-CV-944 (GTS/ATB), 2022 WL 17478264, at *5 (N.D.N.Y. Sept. 20, 2022) (officer justified in towing unregistered vehicle driven by unlicensed driver), *report and recommendation adopted*, 1:22-CV-0944 (GTS/ATB), 2022 WL 16918289 (N.D.N.Y. Nov. 14, 2022); *People v. Huddleston*, 160 A.D.3d 1359, 1360 (4th Dep't 2018) (The towing of a vehicle is lawful where "the police determined that neither the driver nor defendant had a valid driver's license."). Therefore, while summary judgment is precluded for either party with respect to Townsend's § 1983 unlawful

seizure claim to the extent it is based on Flickner's initiation of the Traffic Stop, it is granted against the rest of the First Claim.[3]

With respect to Townsend's Fourth Claim for false arrest and Fifth Claim for malicious prosecution, summary judgment is likewise granted for Defendants. "Probable cause to arrest is a complete defense to an action for false arrest." *Ashley v. City of N.Y.*, 992 F.3d 128, 136 (2d Cir. 2021)). Likewise, "probable cause is a complete defense against a claim for malicious prosecution." *Id*. at 138. Probable cause exists when, based on the totality of circumstances, an officer has "knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007); *see also Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006).

Townsend's claims fail because Defendants had probable cause to arrest and prosecute Townsend. Townsend was arrested after Defendants searched the glove box of his impounded vehicle pursuant to a valid search warrant and found a partially smoked blunt, a vial of marijuana, cocaine, and other drug paraphernalia in violation of N.Y. Penal Law § 220.16 (McKinney) (prohibiting criminal possession of a controlled substance in the third degree). *See* ECF No. 104-16 ¶ 24. Townsend claims the drugs were planted, but presents no evidence to support this assertion. *See* ECF No. 111 at 39-41. Unlike Townsend's testimony that he did not commit any traffic violations before being pulled over, which was sufficient to withstand summary judgment

---

[3] This dispute of fact regarding whether the Traffic Stop was initiated properly does not bar summary judgment against Townsend's claims involving Defendants' subsequent conduct. *See Jenkins v. City of N.Y.*, 478 F.3d 76, 91 n.16 (2d Cir. 2007) ("This Court previously has held that the fruit of the poisonous tree doctrine cannot be invoked to support a section 1983 claim . . . ."); *Guillen v. City of New York*, 19 Civ. 5655 (JPC) (OTW), 2022 WL 4072925, at *9 (S.D.N.Y. Sept. 2, 2022) ("Moreover, to the extent Plaintiff seeks to argue that the Officer Defendants lacked probable cause to effect the traffic stop or to search his vehicle, the legality of the initial traffic stop or the search of Plaintiff's vehicle is irrelevant to his false arrest claim.") (collecting cases). Accordingly, summary judgment may be granted for claims involving Defendants' conduct after the Traffic Stop despite the stop allegedly being initiated improperly.

against Flickner's contrary testimony, Townsend's allegation that the drugs were planted is not based on personal knowledge. *Compare DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012) ("where a party relies on affidavits or deposition testimony to establish facts, the statements must be made on personal knowledge") (internal quotations omitted) *with Bellamy*, 914 F.3d at 746 (2d Cir. 2019) (plaintiff's testimony defeated summary judgment when it was about his own prior actions). Accordingly, because Townsend presents no evidence, based on his personal knowledge or otherwise, to support his claim that Defendants planted the drugs, there can be no reasonable dispute that probable cause existed to arrest and prosecute Townsend for the above-referenced offense based on the items found in his vehicle's glove box.

Further, as stated *supra* Section I, to the extent any part of the Third Claim alleging an improper *search* of Townsend's vehicle during the Traffic Stop was not barred by the resolution of the 2017 Lawsuit, Defendants' motion for summary judgment on this claim is granted because there is no genuine dispute of material fact that probable cause existed to search the vehicle at the time of the Traffic Stop. Flickner, Zambito, and Wade each claim to have smelled marijuana in Townsend's vehicle. ECF No. 104-16 ¶¶ 8, 10, 11. Wade's canine also "alerted" near Townsend's passenger side door when it was brought to the scene. *Id*. ¶ 15. The "alert" is further supported by dashcam footage. ECF No. 104-17 ¶ 13. Townsend claims, without evidentiary support, that Wade was able to fake an "alert" from his canine and asserts that Defendants are lying. ECF No. 111 at 35-37.

To defeat summary judgment, Townsend must offer some "hard evidence" to support his claims and cast more than "a metaphysical doubt" as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986); *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) ("When a motion for summary judgment is properly supported by documents or other

evidentiary materials, the party opposing summary judgment may not merely rest on the allegations or denials of his pleading...."). Townsend's claims do not survive summary judgment even when his claims are "liberally construed," as they must be, due to his *pro se* status. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Townsend's "bald assertions" that Defendants faked the "alert" and did not detect a scent of marijuana are insufficient to create a genuine dispute of material fact. *See Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (summary judgment cannot be defeated by relying on allegations in the complaint, self-serving conclusory statements, or mere assertions that affidavits supporting the motion are not credible). Based on the evidence adduced by Defendants—Defendants' claims to have smelled marijuana, the dashcam footage, and the canine's alert on the vehicle—as well as the absence of evidence adduced by Plaintiff to support his claim that the "alert" was faked beyond his "bald assertions," no reasonable jury could find by a preponderance of the evidence that Defendants lacked probable cause to search Townsend's vehicle. Here, the facts Defendants allege are more than sufficient to establish probable cause to search a vehicle. *See Smith v. Vill. of Brockport*, No. 19-CV-6404 CJS, 2022 WL 597465, at *12 (W.D.N.Y. Feb. 28, 2022) (probable cause to search vehicle based on smell of marijuana alone); *see also United States v. Jenkins*, 452 F.3d 207, 214 (2d Cir. 2006) ("As the officers approached the SUV, they immediately detected an independent basis [(the odor of marijuana)] for continuing to detain the SUV and its occupants. . . . The officers then had a particularized and objective basis for suspecting legal wrongdoing, and were justified in continuing the detention of the SUV and its occupants.") (citations and internal quotation marks omitted); *United States v. Fable*, No. 3:18-CR-00003 (JCH), 2018 WL 3727346, at *5 (D. Conn. July 24, 2018) ("Detective Pontz was close enough to the vehicle to form a reasonable suspicion that the occupants had recently been smoking marijuana.

13

Thus, the smell of marijuana provided an independent basis for continuing to detain the vehicle and its occupants."). Accordingly, summary judgment is granted with respect to any remaining portion of the Third Claim as well.

### III. Townsend's Second, Sixth, and Seventh Claims

Townsend's Second, Sixth, and Seventh Claims fail because he does not present sufficient evidence to establish their elements. Townsend's Second Claim is a § 1981 claim based on Defendants' allegedly race-based motive for pulling over and seizing his vehicle. *Id*. "To establish a claim under Section 1981, plaintiffs 'must allege facts supporting the following elements: (1) plaintiffs are members of a racial minority; (2) defendants' intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities." *Anderson v. City of New York*, 817 F. Supp. 2d 77, 95 (E.D.N.Y. 2011) (quoting *Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 1999)).

Townsend's amended complaint alleges that Flickner initiated the Traffic Stop because of Townsend's race. *See* ECF No. 4 at 3. However, in his summary judgment motion and opposition to Defendants' summary judgment motion, Townsend does not appear to reference any racial motivation behind the Traffic Stop or present any evidence indicating the same. *See generally* ECF No. 85; ECF No. 111 at 1-16. Townsend merely alleges, in conclusory fashion, that the Traffic Stop was "unlawful," not that it was racially motivated. ECF No. 111 at 31, 32. A party must present some nonconclusory support to survive summary judgment. *F.D.I.C.*, 607 F.3d at 292. Accordingly, Townsend's Second Claim must fail because he has set forth no such support.

Townsend's Sixth Claim is similarly unsupported. Townsend alleges that Defendants denied him his right to a fair trial. ECF No. 5 at 5. To show such a denial, Townsend must show that an "(1) investigating official (2) fabricated information (3) that is likely to influence a jury's

14

verdict, (4) forward[ed] that information to prosecutors, and (5) the plaintiff suffer[ed] a deprivation of life, liberty, or property as a result." *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016).

Townsend's claim fails at the second element. Townsend has presented no evidence that Defendants fabricated information. Townsend alleges three primary fabrications: (1) the smell of marijuana coming from his car during the Traffic Stop; (2) the alert from Defendants' drug detecting dog during the Traffic Stop; and (3) the planting of drugs in his vehicle after the Traffic Stop. ECF No. 85 at 4-5. Townsend does not present evidence, beyond his conclusory allegations, to support these allegations. *See* ECF No. 111 at 35-37, 39-41. As discussed *supra* Section II, Townsend's "bald assertions" that Defendants are lying, or not credible, are not sufficient. *See DiStiso*, 691 F.3d at 230. Because Townsend has presented no evidence that any information was fabricated, his Sixth Claim fails.

Last, Townsend's Seventh Claim for Defendants' failure to intervene fails because there is no surviving underlying misconduct. A failure to intervene claim requires a plaintiff to establish some underlying misconduct. *See Usavage v. Port Auth. of N.Y. & N.J.*, 932 F. Supp. 2d 575, 599 (S.D.N.Y. 2013) ("Failure to intervene claims are 'contingent upon the disposition of the primary claims underlying the failure to intervene claim.'") (quoting *Matthews v. City of N.Y.*, 889 F. Supp. 2d 418, 444 (E.D.N.Y. 2012)); *see also Ross v. City of New York*, No. 17-CV-3505 (PKC) (SMG), 2019 WL 4805147, at *11 (E.D.N.Y. Sept. 30, 2019) (granting summary judgment against failure to intervene claims where probable cause authorized the underlying arrest).

Here, the Court has concluded Townsend's Second through Sixth Claims must be dismissed. A portion of the First Claim remains, but involves only Flickner and his decision to initiate the Traffic Stop, with no other Defendants capable of failing to intervene in this decision.

15

*See* ECF No. 111 at 35.  Because only this aspect of Townsend's First Claim remains, there is no underlying misconduct upon which Townsend's Seventh Claim may be based.[4]  Accordingly, the Seventh Claim is dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (ECF No. 104) is GRANTED in part and DENIED in part and Townsend's motion for summary judgment (ECF No. 85) is DENIED.

IT IS SO ORDERED.

Dated: March 10, 2023
       Rochester, New York

_____
HONORABLE FRANK P. GERACI, JR.
UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF NEW YORK

---

[4] Because Defendants have met their burden to obtain summary judgment with respect to these claims, Townsend's summary judgment motion is denied with respect to these claims.