UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLES K. TOWNSEND, SR.,

            Plaintiff,

        v.                                                                Case # 19-CV-6636-FPG

LIVINGSTON COUNTY, et al.,                                    DECISION AND ORDER

            Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff Charles K. Townsend ("Townsend" or "Plaintiff") brought this civil rights action against Defendants Livingston County, the Livingston County Sheriff's Office, the Livingston County District Attorney's Office, District Attorney McCaffrey, Sergeant Zambito, Deputy Brendon Flickner, Deputy Wade, and Investigator Wiedrick (collectively, "Defendants"). ECF No. 1. Townsend alleged an assortment of claims relating to a traffic stop initiated by Flickner against him on August 30, 2016 (the "Traffic Stop") and Livingston County officials' conduct during and after the Traffic Stop. *Id*. After a screening pursuant to 28 U.S.C. § 1915(e), a subsequent amended complaint, and an additional screening, Townsend and Defendants filed opposing motions for summary judgment. ECF Nos. 85, 104.

On March 10, 2023, this Court denied Townsend's motion, and granted in part and denied in part Defendants' motion. *See* ECF No. 118. Townsend's remaining claim is a 42 U.S.C. § 1983 claim against Flickner for unlawful seizure of Townsend's person (the "Personal Seizure Claim"). *See id*. at 9, 10. This claim is limited to the portion of the Traffic Stop before Flickner obtained probable cause to believe that Townsend was driving without a license. *See id*.

1

On March 29, 2023, Defendants filed the present motion for reconsideration, seeking dismissal of the Personal Seizure Claim. ECF No. 121. Townsend did not respond to the motion in accordance with the Court's scheduling order. *See* ECF No. 123. Defendants argue that the Personal Seizure Claim is barred by res judicata. *See* ECF No. 121-5 at 4-8. For the reasons below, Defendants' motion is granted and Townsend's remaining claim is dismissed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54. "A district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982); *United States v. Jerry*, 487 F.2d 600, 604 (3d Cir. 1973) ("[T]he power to grant relief from erroneous interlocutory orders, exercised in justice and good conscience, has long been recognized as within the plenary power of courts until entry of final judgment and is not inconsistent with any of the Rules.").

A litigant seeking reconsideration must set forth "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Richard v. Dignean*, 126 F. Supp. 3d 334, 337 (W.D.N.Y. 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "To merit reconsideration under Rule 54(b), a party must show 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" *Micolo v. Fuller*, No. 6:15-CV-06374, 2017 WL 2297026, at *2 (W.D.N.Y. May 25, 2017) (quoting *Official*

*Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)). Further, the Second Circuit has "limited district courts' reconsideration of earlier decisions under Rule 54(b) by treating those decisions as law of the case, which gives a district court discretion to revisit earlier rulings in the same case, subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Coopers & Lybrand*, 322 F.3d at 167 (quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir. 1964)).

In addition, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotations omitted). However, "[t]he doctrine of res judicata is equally applicable to *pro se* plaintiffs" as it is to represented litigants. *Iwachiw v. N.Y. City Bd. of Educ.*, 194 F. Supp. 2d 194, 202 (E.D.N.Y. 2002).

## DISCUSSION

On December 1, 2016, Townsend filed a separate action in this Court against Flickner and several other defendants for conduct relating to the Traffic Stop. *See Townsend v. Livingston County, et al.*, Case No. 16-CV-6773 (the "2017 Lawsuit"). This Court screened Townsend's complaint pursuant to 28 U.S.C. § 1915(a), *see* ECF No. 104-3, and dismissed Townsend's § 1983 claim as to the seizure of his vehicle at the Traffic Stop with prejudice. *Id*. at 5. Townsend's claim was dismissed because Townsend possessed a meaningful post-deprivation remedy under § 9 of the New York Court of Claims Act or § 52 of the New York County Law. *Id*. at 4 (citing *Love v. Coughlin*, 714 F.2d 207, 208-09 (2d Cir.1983)).

In the present action, Defendants argued at summary judgment that this Court's prior dismissal of this claim barred Townsend's current claims on the grounds of res judicata. *See* ECF No. 104-52 at 4-7. The Court rejected this argument with respect to Townsend's Personal Seizure Claim "[b]ecause this Court initially dismissed Townsend's 2017 Lawsuit on the basis that Townsend possessed a post-deprivation remedy for the recovery of his vehicle (*see* ECF No. 104-3 at 4), [therefore] Townsend's additional claims were not adequately addressed by the Court at that time." ECF No. 118 at 8 (emphasis added).

In the present motion for reconsideration, Defendants argue that this Court's limitation of the application of res judicata to Townsend's vehicle seizure claims was erroneous because the Personal Seizure Claim "could have been raised" in the 2017 Lawsuit. ECF No. 121-5 at 4 (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *see N.L.R.B. v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983) (claims could have been raised in a previous action if they arise from the "same transaction or connected series of transactions"). This Court initially found that, despite the common transaction or occurrence between the 2017 Lawsuit and the instant lawsuit, the Personal Seizure Claim was "not adequately addressed by the Court" in the 2017 Lawsuit, and therefore not addressed on the merits. ECF No. 118 at 8. The issue on reconsideration is whether the 2017 Lawsuit's failure to specifically address Townsend's Personal Seizure Claim means that the claim was never addressed "on the merits" such that it would not be barred by res judicata. For the reasons set forth below, the Court agrees with Defendants that Townsend's Personal Seizure Claim is barred by res judicata.

The doctrine of res judicata provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen*, 449 U.S. at 94 (applying res judicata to § 1983 action). Res judicata thus bars

a party from re-litigating a claim if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. New York City Dep't of Corrs.*, 214 F.3d 275, 285 (2d Cir. 2000).

When a court does not address the merits of a specific claim, yet dismisses a case on other substantive grounds, res judicata applies to the unaddressed claim. *See Sekor v. Capwell*, 1 F. Supp. 2d 140, 146 (D. Conn. 1998) ("That the state courts' rulings did not reach the merits of her age-related arguments does not thwart the res judicata effect of the resulting judgment."); *Ayantola v. The Bd. Of Trustees of Cmty. Tech. Colleges of State of Conn.*, No. 3:05-CV-957(MRK), 2007 WL 3432748, at *3 (D. Conn. Nov. 15, 2007) ("It is true that Mr. Ayantola contends that the Superior Court judge failed in his memorandum of decision to address one of the arguments that Mr. Ayantola advanced. But that fact does not mean that Mr. Ayantola was denied a full and fair opportunity to present his claims to the state court."). Moreover, even if a previous dismissal was improper, it still has a preclusive effect on future claims. *See Burton v. Niagara Frontier Transp. Auth.*, No. 11-CV-00971, 2013 WL 3423754, at *3 (W.D.N.Y. July 8, 2013) ("Plaintiff incorrectly asserts that res judicata does not apply because the Fourth Department's decision was erroneous or based upon an 'improper belief.' It is well established that the res judicata effect of a final judgment on the merits is not altered by the fact that the prior decision may have been wrong.").

Here, Townsend's Personal Seizure Claim was not specifically addressed in the 2017 Lawsuit, but the claim is nevertheless barred by res judicata because the Personal Seizure Claim "could have been raised" in the 2017 Lawsuit, the 2017 Lawsuit involved the same parties or those in privity with them, and the 2017 Lawsuit involved an adjudication on the merits because it was dismissed with prejudice. *Allen*, 449 U.S. at 94; *see Sekor*, 1 F. Supp. 2d at 146. Even if the Court

5

did not address a personal seizure-based claim in the 2017 Lawsuit or recognize that a post-deprivation remedy for recovering Townsend's vehicle has no bearing upon the alleged seizure of his person, res judicata still applies. *See Burton*, 2013 WL 3423754, at *3. The 2017 Lawsuit was adjudicated on the merits when it was dismissed with prejudice, even if the Court did not specifically address the seizure of Townsend's person.

Courts should generally seek to avoid forcing litigants who "have once battled for the court's decision . . . to battle for it again" and declining to dismiss Townsend's Personal Seizure Claim would do so to Defendants. *Zdanok*, 327 F.2d at 953. In the 2017 Lawsuit, Defendants won dismissal of Townsend's claims arising from the Traffic Stop on the merits. Forcing Defendants to adjudicate the claims again would be "a manifest injustice." *Coopers & Lybrand*, 322 F.3d at 167.

## CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration is GRANTED. The amended complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: May 9, 2023
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York